IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BARTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-966 |
| ) | Judge Nora Barry Fischer |
| WESTMORELAND COUNTY, *et al.*, ) | Magistrate Judge Cathy Bissoon |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER

On November 16, 2009, this case was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates. On November 1, 2010, this case was reassigned to United States Magistrate Judge Cathy Bissoon.

On January 27, 2011, the magistrate judge issued a Report (Doc. 84) recommending that Defendants Westmoreland County and NaphCare, Inc.'s motion for summary judgment (Doc. 58) be granted, that Defendants Walton, Cmar, Kusma, Nicholson, McGrath, Planey, Snyder-Wiltraut, Knapic, Billheimer, and Lentz's motion for partial summary judgment (Doc. 62) be granted, that Defendants Walton, Planey, Cmar, and Billheimer's motion for summary judgment (Doc. 66) be granted, and that judgment be entered in favor of all Defendants.

Service of the Report and Recommendation was made on the parties. Plaintiff requested and was granted an extension of time to March 7, 2011 to file objections to the Report and Recommendation, see Text Order dated Feb. 11, 2011, but no objections have been filed. After a review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

1

AND NOW, on this __15th__ day of __March__, 2011, IT IS HEREBY ORDERED that Defendants Westmoreland County and NaphCare, Inc.'s motion for summary judgment (Doc. 58) is **GRANTED**, Defendants Walton, Cmar, Kusma, Nicholson, McGrath, Planey, Snyder-Wiltraut, Knapic, Billheimer, and Lentz's motion for partial summary judgment (Doc. 62) is **GRANTED**, and Defendants Walton, Planey, Cmar, and Billheimer's motion for summary judgment (Doc. 66) is **GRANTED**.

Furthermore, summary judgment will be entered in favor of Defendants Kusma, Nicholson, McGrath, Snyder-Wiltraut, Knapic, and Lentz on Plaintiff's claims against them in their individual capacities.[1]

Finally, summary judgment will be entered in favor of Defendant "Corrections Officer John Doe" on Plaintiff's claims against John Doe in both his individual and official capacities. Summary judgment in favor of John Doe is warranted for the same reasons stated in the magistrate judge's Report that warrant summary judgment in favor of the other prison employee defendants (Defendants Walton, Planey, Cmar, and Billheimer)

---

[1] As explained in the magistrate judge's Report, although not specifically argued by Defendants, the absence of evidence that Defendants were deliberately indifferent to Plaintiff's medical needs entitles Defendants Kusma, Nicholson, McGrath, Snyder-Wiltraut, Knapic, and Lentz to summary judgment in their favor on Plaintiff's claims against them in their individual capacities. Report & Recommendation at 16 (Doc. 84). A district court has the inherent authority to grant summary judgment *sua sponte* so long as the party opposing summary judgment has notice and an opportunity to be heard concerning the proposed basis for the *sua sponte* grant of summary judgment. Canell v. Bradshaw, 97 F.3d 1458, at *5 (Table, Text available in Westlaw) (9th Cir. Sept. 25, 1996) see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). Because the issue of deliberate indifference was raised by the other Defendants in this case and has been addressed by Plaintiff in his responsive briefs, he has not only been placed on notice but has had the opportunity to respond. Moreover, the Report and Recommendation also served as the necessary notice that gave Plaintiff the opportunity to be heard by filing objections. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

. The Report and Recommendation of Magistrate Judge Bissoon dated January 27, 2011 is hereby adopted as the Opinion of the District Court.

*Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc:

David P. Helwig, Esq. (via CM/ECF e-mail)
Aaron Barto (via U.S. Mail).